# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MATTHEW MAYNARD, individually, and on behalf of Maynard Investment Group, LLC, d/b/a Discount Sport Nutrition, <br><br> Plaintiff, <br><br> v. <br><br> PAYPAL, INC., and PAYPAL HOLDINGS, INC., <br><br> Defendants. | § § § § § § § § § § § § Civil Action No. 3:18-cv-00259-D |

## PROPOSED JOINT SCHEDULING PROPOSAL

An initial in-person conference was held on February 26, 2018 between Jeffrey Duffey, counsel for Plaintiff, and P. William Stark and Jordan Cowman, counsel for Defendants, to confer on matters specified in Rule 26(f)(2) and this Court's Order entered on February 5, 2018. As a result of that conference, and in compliance with Rule 26(f)(2) and the Order, the Parties submit the following Proposed Joint Scheduling Proposal.

**I.   PROPOSED DEADLINES**

Plaintiff's Position:

1. **Deadline to join other parties:** April 30, 2018;

2. **Deadline to amend the pleadings:** April 30, 2018;

3. **Deadline to file motions, including summary judgment and other dispositive motions:** 60 days before trial;

4. **Deadline to complete discovery:** 90 days before trial;

5. **Deadline to designate expert witnesses and rebuttal expert witnesses and make the expert disclosures required by Rule 26(a)(2):** 150 days before trial to designate expert witnesses and 120 days before trial to designate rebuttal expert witnesses;

6. **Final Pretrial conference date:** September 17, 2018;

7. **Trial date:** October 1, 2018 (with an estimated trial length of 4-5 days).

Defendants' Position: All proceedings in this case should be stayed, and all deadlines should be determined and set in arbitration as required by the express terms of the Parties' Agreement to Arbitrate that is contained in the PayPal User Agreement as set forth in Defendants' Motion to Stay Proceedings and Compel Arbitration [Dkt. 9] and Defendants' Brief and Memorandum in Support of Motion to Stay Proceedings and Compel Arbitration [Dkt. 11]. Should proceedings continue in this case after a final determination denying Defendants' Motion to Stay Proceedings and Compel Arbitration [Dkt. 9], Defendants request a trial date no earlier than January 14, 2019 since counsel for Defendants already has multiple trial settings throughout the summer and fall of 2018.

II. **MATTERS LISTED IN RULE 26(F)(3)(A)-(F) (DISCOVERY PLAN)**

1. **Deadline to provide required disclosures under Rule 26(a):**

Plaintiff's position: March 30, 2018.

**Defendants' Position**: Defendants object that initial disclosures are not appropriate at this time. Disclosures under Rule 26(a) should be made only in the event that proceedings continue in this case after a final determination denying Defendants' Motion to Stay Proceedings and Compel Arbitration [Dkt. 9], in which case, such disclosures should be made within twenty-one (21) days following such final determination denying Defendants' Motion to Stay Proceedings and Compel Arbitration [Dkt. 9].

2. **The subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

Parties' Position: Discovery should not be conducted in phases and should only be limited to or focused on particular issues as required under Federal Law.

**Plaintiff's Position**: Defendants still have not answered Plaintiff's Original Petition. Therefore, Plaintiff believes it is a bit premature at this time to discuss subjects of discovery with any real specificity. Generally speaking, however, Plaintiff intends to conduct discovery on those subjects directly or indirectly related to the facts and allegations contained in Plaintiff's Original Petition. Such information may include the following:

Evidence within Defendants' control related to Plaintiff's claim that he did not agree to arbitrate his claims against PayPal. Indeed, Plaintiff claims he was never made aware of the fact that Defendants unilaterally added an arbitration agreement to their User Agreement, and thus he could not have provided his assent;

All communications (written, spoken, or otherwise) that have taken place between Plaintiff and Defendant(s);

All internal communications undertaken by Defendants from April 2017 to the present time as they relate to Plaintiff's User Account;

Defendants' policies and handbooks related to their customer service and dispute resolution;

Defendants' policies and handbooks related to fraud detection; and

Statistics revealing how many fraudulent users Defendants have identified in the last 5 years and what actions Defendants took against the users upon discovering the account was being used fraudulently or maliciously.

**Defendants' Position**:  All discovery issues should be determined in arbitration as required by the express terms of the Parties' Agreement to Arbitrate that is contained in the PayPal User Agreement as set forth in Defendants' Motion to Stay Proceedings and Compel Arbitration [Dkt. 9] and Defendants' Brief and Memorandum in Support of

Motion to Stay Proceedings and Compel Arbitration [Dkt. 11]. All proceedings in this case should be stayed.

> 3. **Issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The parties agree in good faith to preserve all relevant electronically stored information through the final resolution of in this case. The parties agree to take all reasonable measures to preserve potentially discoverable physical documents and electronic data from alteration or destruction in the ordinary course of business or through intentional spoliation since the filing of this lawsuit.

**Plaintiff's Position**: Plaintiff will seek any electronic or computer-based data and information relating to Plaintiff's User Account, in addition to all electronic information referencing or constituting communication between the Defendants and the Plaintiffs maintained by Defendants.

Plaintiff will seek the discovery of relevant information in electronic (e.g. PDF, TIF), native format and demands preservation of same.

**Defendants' Position**: Issues regarding the disclosure of electronically stored information, including, but not limited to, the form or forms in which it should be produced, should be determined in arbitration as required by the express terms of the Parties' Agreement to Arbitrate that is contained in the PayPal User Agreement as set forth in Defendants' Motion to Stay Proceedings and Compel Arbitration [Dkt. 9] and Defendants' Brief and Memorandum in Support of Motion to Stay Proceedings and Compel Arbitration [Dkt. 11]. All proceedings in this case should be stayed.

> 4. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

**Plaintiff's Position**: Plaintiff does not anticipate any issues about claims of privilege or of protection as trial-preparation materials.

**Defendants' Position**:  All discovery issues, including, but not limited to, any issues about claims of privilege or of protection as trial-preparation materials, should be determined in arbitration as required by the express terms of the Parties' Agreement to Arbitrate that is contained in the PayPal User Agreement as set forth in Defendants' Motion to Stay Proceedings and Compel Arbitration [Dkt. 9] and Defendants' Brief and Memorandum in Support of Motion to Stay Proceedings and Compel Arbitration [Dkt. 11].  All proceedings in this case should be stayed.

Should proceedings continue in this case after a final determination denying Defendants' Motion to Stay Proceedings and Compel Arbitration [Dkt. 9], Defendants propose that there shall not be any waiver of the attorney-client privilege, attorney work product, or any other privilege ("Protected Materials") should there be an inadvertent disclosure of privileged information contained in ESI produced in response to a discovery request, as provided for by Fed. R. Civ. P. 26.  Defendants propose that the parties take reasonable steps to protect against inadvertent disclosure of Protected Materials and that any party that discovers that it has sent or received Protected Materials shall immediately notify the opposing party(ies) so that the appropriate steps to return or destroy the Protected Materials may be taken.  Defendants propose that the parties shall be specifically afforded the protections of Fed. R. Evid. 502(d) and (e).

5. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

**Plaintiff's Position**: No limitations are necessary.

**Defendants' Position**:  All discovery issues, including, but not limited to, any limitations, should be determined in arbitration as required by the express terms of the Parties' Agreement to Arbitrate that is contained in the PayPal User Agreement as set forth in Defendants' Motion to Stay Proceedings and Compel Arbitration [Dkt. 9] and Defendants' Brief and Memorandum in Support of Motion to Stay Proceedings and Compel Arbitration [Dkt. 11].  All proceedings in this case should be stayed.

6. **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

The Parties request that the Court not issue any orders under Rule 26(c) or Rule 16(b)-(c).

**Plaintiff's Position**: Plaintiff requests the Court grant Plaintiff's request for injunctive relief before deciding on Defendant's Motion to Compel Arbitration. Pursuant to the Court's Order ("Preliminary Injunction Order") entered on February 5, 2018, Plaintiff will file his supporting materials and a separate brief by March 9, 2018.

Plaintiff opposes the issuance of a protective order at this early stage of the case. Plaintiff is open to discussing the potential for a joint protective order should the need arise.

**Defendants' Position**: Plaintiff's request for injunctive relief should be determined in arbitration as required by the express terms of the Parties' Agreement to Arbitrate that is contained in the PayPal User Agreement as set forth in Defendants' Motion to Stay Proceedings and Compel Arbitration [Dkt. 9] and Defendants' Brief and Memorandum in Support of Motion to Stay Proceedings and Compel Arbitration [Dkt. 11]. All proceedings in this case should be stayed.

Should proceedings continue in this case after a final determination denying Defendants' Motion to Stay Proceedings and Compel Arbitration [Dkt. 9], Defendants request that the Court enter a protective order to protect confidential, proprietary, and private information from public disclosure.

### III.   STATEMENT REGARDING MAGISTRATE

The parties do not consent to referring this case to a magistrate judge for jury or nonjury trial.

### IV.   STATEMENT REGARDING ALTERNATIVE DISPUTE RESOLUTION

The Parties both acknowledge that Defendants' Motion to Stay Proceedings and Compel Arbitration is currently before the Court.

**Plaintiff's Position**: Plaintiff vigorously opposes referring this case for alternative dispute resolution. It is relevant here to point out that Plaintiff's brief opposing Defendants' current Motion to Compel Arbitration will be filed on March 5, 2018. Plaintiff would, however, be willing to consider a court-supervised settlement conference after some discovery has progressed.

**Defendants' Position**: This case should be compelled to arbitration as required by the express terms of the Parties' Agreement to Arbitrate that is contained in the PayPal User Agreement as set forth in Defendants' Motion to Stay Proceedings and Compel Arbitration [Dkt. 9] and Defendants' Brief and Memorandum in Support of Motion to Stay Proceedings and Compel Arbitration [Dkt. 11]. All proceedings in this case should be stayed.

## V. STATEMENT REGARDING LOCAL COUNSEL

Plaintiff's counsel has informed the Court that he wishes to remove local counsel of record from case.

Local counsel for Plaintiff has not yet entered an appearance. On February 7, 2018, Jeffrey Duffey, counsel for Plaintiff, filed his Application for Admission *Pro Hac Vice* [Dkt. 7], identifying Robert L. Greeson, 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201, (214) 855-7430, as the "local counsel of record associated with Applicant in this matter." Mr. Greeson has not entered an appearance.

## VI. STATEMENT REGARDING CERTIFICATE OF INTERESTED PERSONS

Defendants filed their Corporate Disclosure Statements and Certificates of Interested Parties [Dkts. 3 and 4] on February 1, 2018.

_____

Respectfully submitted,

**THE LAW OFFICE OF JEFFREY R. DUFFEY, PLLC**

/s/ *Jeffrey R. Duffey*
**JEFFREY R. DUFFEY**
Texas Bar Card No. 24101712
jeff@jrduffeylaw.com
4925 Greenville Ave., Ste 200
Dallas, Texas 75206
Office: (214) 504-6692

*Attorney for Plaintiff, Matthew Maynard*

**GREENBERG TRAURIG LLP**

/s/ *P. William Stark*
Jordan W. Cowman
   State Bar No. 04932800
   cowmanj@gtlaw.com
P. William Stark
   Texas State Bar No. 24046902
   starkb@gtlaw.com
Bina B. Palnitkar
   State Bar No. 20470378
   palnitkarb@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

*Attorneys for Defendants PayPal, Inc. and PayPal Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2018, I electronically filed the foregoing document with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.

*/s/ P. William Stark*
P. William Stark