IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MATTHEW MAYNARD, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 18-CV-0259-D |
| VS. § | |
| § | |
| PAYPAL, INC., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Matthew Maynard ("Maynard") moves for leave to file a second amended complaint and to add Maynard Investment Group, LLC d/b/a Discount Sports Nutrition ("DSN") as a plaintiff.[1] Defendants PayPal, Inc. and PayPal Holdings, Inc. (collectively, "PayPal") oppose the motion. For the reasons that follow, the court grants Maynard's motion and grants him leave to file his second amended complaint.

I

Maynard "individually, and on behalf of Maynard Investment Group, LLC d/b/a

---

[1]Maynard originally filed this lawsuit in state court "individually, and on behalf of Maynard Investment Group, LLC d/b/a Discount Sport Nutrition." Orig. Pet. On August 3, 2018 Maynard and DSN filed a first amended complaint in which "Maynard Investment Group, LLC d/b/a Discount Sport Nutrition" was added as a plaintiff. The instant motion, filed September 18, 2018, is actually filed by "Plaintiffs, Matthew Maynard ('Maynard') and Maynard Investment Group, LLC d/b/a Discount Sport Nutrition ('DSN')," Ps. Mot. to File 2d Am. Compl. at 1 (bold font omitted), yet the motion seeks to *add* "Maynard Investment Group, LLC d/b/a Discount Sport Nutrition" as a plaintiff. Because doing so does not affect the decision on the merits of this motion, the court will assume that it is filed by Maynard and DSN and will refer to them collectively as "Maynard," unless the context otherwise requires.

Discount Sport Nutrition," Orig. Pet., filed this lawsuit against PayPal in Texas state court on December 29, 2017. Maynard alleges that PayPal, an online payment processing company, knowingly allowed a fraudulent "chargeback scheme" to deprive him of over $300,000 held in his PayPal account. He also alleges that PayPal contacted him at his residence and at work to collect the resulting negative balance in his account, and informed potential customers that his account was suspended for suspected fraud. Maynard originally alleged that this conduct violated the Texas Deceptive Trade Practices-Consumer Protection Act, and that it also amounted to breach of contract as well as a laundry list of fiduciary duty, negligence, and fraud claims. PayPal removed the case to this court on February 1, 2018 based on diversity of citizenship.

On April 19, 2018 PayPal moved to dismiss Maynard's claims. The court issued a scheduling order on June 6, 2018 requiring the parties to file motions for leave to amend the pleadings and for leave to add parties no later than July 2, 2018. On July 5, 2018 the court granted PayPal's motion to dismiss, but it also granted Maynard leave to file an amended complaint by August 2, 2018. On August 3, 2018, a few minutes after midnight, Maynard filed his first amended complaint. He retained most of the allegations from his state-court original petition, and he also alleged that PayPal's conduct violated the Electronic Funds Transfer Act, under 15 U.S.C. § 1693 *et seq.*, the Texas Debt Collection Protection Act, under Tex. Fin. Code Ann. § 392.001 *et seq.*, the Texas Identity Theft Enforcement and Protection Act, under Tex. Bus. & Com. Code Ann. § 521.001 *et seq.*, and the Theft Liability Act, under Tex. Civ. Prac. & Rem. Code Ann. § 134.001 *et seq.*

Later on August 3, 2018, PayPal asked Maynard if he would oppose a motion to extend time to respond to his first amended complaint by 30 days. Maynard did not oppose PayPal's motion, but asked in return that PayPal agree to his motion for leave to file a second amended complaint. PayPal would not agree, and Maynard maintains that PayPal gave no reason for opposing the request. PayPal moved anyway to extend the time to answer, and the court granted the motion on September 4, 2018. PayPal also moved to dismiss Maynard's claims. Maynard now moves for leave to file a second amended complaint to add DSN as a plaintiff. PayPal opposes the motion.

II

Maynard filed this motion for leave to amend on September 18, 2018, after the deadline to file a motion for leave to amend the pleadings. When, as here, a motion for leave to amend the pleadings is filed after the deadline for seeking leave to amend has expired, the court must first determine whether to modify the scheduling order under the good cause standard of Fed. R. Civ. P. 16(b)(4). *See S & W Enters., L.L.C. v. S. Tr. Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Valcho v. Dall. Cty. Hosp. Dist.*, 658 F.Supp.2d 802, 814 (N.D. Tex. 2009) (Fitzwater, C.J.). To meet the good cause standard, the moving party must show that, despite his diligence, he could not reasonably have met the scheduling order deadline. *See S & W Enters.*, 315 F.3d at 535. Only if the movant first satisfies the requirements of Rule 16(b)(4) must the court next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2); *see S & W Enters.*, 315 F.3d at

536; *Valcho*, 658 F.Supp.2d at 814.

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted). "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.). Mere inadvertence on the part of the movant is insufficient to constitute "good cause." Instead, the movant must show that, despite his diligence, he could not have reasonably met the scheduling deadline. *See Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).

III

Maynard moves to amend the first amended complaint in several ways. The proposed amendments allege negligent undertaking, negligence, negligent misrepresentation, negligent hiring, training, and supervision, vicarious liability, promissory estoppel, and facts necessary to support causes of action asserted only by name in the first amended complaint. They also re-allege previously dropped claims of fraud and tortious interference with a contract, and re-apply for a temporary restraining order and a temporary injunction. Maynard also seeks leave to add DSN as a plaintiff.

Maynard maintains that there is good cause to grant leave to amend. He contends that

his delay in moving for such leave is due to the complex nature of the facts and his unfamiliarity with the relevant legal issues; his discovery of new information related to "synthetic identity fraud"; confusion over which regulatory agencies control the e-commerce industry; and his counsel's status as a solo practitioner working without assistance. Maynard maintains that his amendments are important because they are necessary to ensure that all arguments are presented fully. He posits that PayPal will suffer no prejudice from allowing the amendments because PayPal will be able to address them in its response or in a new motion to dismiss, that Maynard is amenable to a stay of deadlines, and that the litigation is at such an early stage. Finally, Maynard contends that allowing the amendments will not cause undue delay.

PayPal responds that the motion for leave should be denied. It contends that Maynard has not established good cause under Rule 16(b)(4) because none of his arguments shows that he could not have reasonably met the deadline, and he had access to facts relevant to the newly alleged claims but failed to include them in the first amended complaint; that he has failed to show that the proposed amendments are important because he has provided only a conclusory statement of importance, the amendments amount to more than a cosmetic fix, and the amendments are subject to dismissal; that allowing the amendments would subject PayPal to substantial prejudice of briefing a third motion to dismiss and a delay of trial; and that a continuance would not cure this prejudice. PayPal therefore maintains that Maynard should not be allowed to amend his complaint for a second time six weeks after the deadline.

IV

A

The court turns first to Maynard's explanation for failing to timely move for leave to amend.

Maynard asserts that his six-week delay in moving for leave resulted from the complexity of the facts and relevant legal issues, the discovery of new information related to the case, his uncertainty concerning the controlling regulatory agencies, and his counsel's status as a solo practitioner. He first asserts that "[t]he unique facts and complexity of this case have required [his] counsel to perform a significant amount of research on numerous legal topics that [his] counsel was previously unfamiliar with." P. Br. at 5. Maynard relies on this court's prior holding that a delay in requesting leave to amend was excusable when counsel was "understandabl[y] unfamiliar with the law regarding" relevant issues. *Balderas v. Valdez*, 2018 WL 902333, at *2 (N.D. Tex. Feb. 15, 2018) (Fitzwater, J.). Maynard also contends that, just days before the deadline for filing a motion for leave, "[his] counsel discovered new information that directly relates to the issues in this case—i.e. a relatively new kind of fraud known as 'synthetic identity fraud.'" *Id.* Maynard maintains that this information was not previously available to him, or, if it was, he "did not have the requisite understanding of [PayPal's] anti-fraud systems that would have led [him] to investigate and discover this new information." *Id.* Maynard contends that he was confused over the degree to which PayPal is "licensed, regulated, and supervised by state and federal regulatory agencies." *Id.* (citations omitted). He asserts that "researching this information . . . has

proved to be a daunting task." *Id.* at 6. Finally, Maynard relies on his counsel's status as "a solo attorney operating without an assistant or a paralegal . . . [with] other professional and personal responsibilities." *Id.* For these reasons, he maintains that he could not have reasonably met the deadline for seeking leave, even though his counsel had prosecuted the case diligently.

Several of PayPal's arguments to the contrary are persuasive. First, Maynard's counsel's previous unfamiliarity with the relevant legal issues provides no explanation for his failure to add DSN as a plaintiff or to request leave to amend by the deadline. In *Balderas* the attorney's unfamiliarity with the case was caused by the unexpected death of the party's previous counsel. *See Balderas*, 2018 WL 902333, at *3. *Balderas* is not analogous because Maynard has been represented by the same counsel for the entire suit. Second, Maynard's confusion over the controlling regulatory agencies lacks force as a pertinent excuse because "this case is not about governmental regulation" of the e-commerce industry. D. Br. at 9-10. Third, his counsel's status as a solo practitioner is insufficient because, with narrow exceptions, Texas attorneys have an ethical obligation to accept only cases that they can competently handle. *See* Tex. R. Disciplinary Prof'l Conduct 1.01(a), *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G, App. A (Vernon 2013) (Tex. State Bar R. art. 10, § 9).[2] Taken alone, these reasons weigh against granting leave to amend.

---

[2]Rule 1.01(a) provides:

> A lawyer shall not accept or continue employment in a legal matter which the lawyer knows or should know is beyond the

The court concludes, however, that Maynard has at least exercised some reasonable diligence in pursuing this case. Maynard's request for leave to amend ultimately rests on his need to address the newly-discovered "synthetic identity fraud" information. Paypal maintains that Maynard "kn[ew] or should have known of the facts upon which the proposed amendment[s] [are] based but fail[ed] to include them" in the first amended complaint. *See Am. Tourmaline Fields*, 1998 WL 874825, at *1; *see also S&W Enters.*, 315 F.3d at 536; *Ruiz v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 291 F.R.D. 170, 172 (S.D. Tex. 2013).[3] PayPal contends that Maynard "does not identify any facts [he] acquired" *after* filing his first amended complaint that necessitate granting leave to amend. This is unpersuasive. "Where courts decline to grant leave to amend due to a lack of diligence, it is usually because the party retained the records related to the desired amendment." *Howard v. Medicredit, Inc.*, 2018 WL 3752366, at *3 (N.D. Tex. Aug. 8, 2018) (Fitzwater, J.) (emphasis omitted); *see,*

---

lawyer's competence, unless:
  (1) another lawyer who is competent to handle the matter is, with the prior informed consent of the client, associated in the matter; or
  (2) the advice or assistance of the lawyer is reasonably required in an emergency and the lawyer limits the advice and assistance to that which is reasonably necessary in the circumstances.

[3]In *Ruiz* the court held that the first factor of the Rule 16(b)(4) test weighed against the plaintiff where "the facts giving rise to [her] purported . . . claim [were] admittedly identical to those giving rise to her" earlier claims. *Ruiz*, 291 F.R.D. at 172. Because of this, the plaintiff had the opportunity to assert her new claims "at the time she previously amended her pleading." *Id.* The court concluded that granting leave to amend would be improper. *Id.*

*e.g., Lopez v. Reliable Clean-Up & Support Servs., LLC*, 2018 WL 3609271, at *4 (N.D. Tex. July 27, 2018) (Fitzwater J.) (holding that good cause was absent only because party had possessed documents relevant to amendments for at least 18 months before moving for leave); *Shofner v. Shoukfeh*, 2017 WL 3841641, at *2 (N.D. Tex. Apr. 7, 2017) (Cummings, J.) (declining to grant leave to amend where plaintiff "had access to all . . . [relevant] medical records early in the case, yet waited more than a year after filing suit to first hire expert witnesses to review the records"). Here, Maynard discovered the facts relating to "synthetic identity fraud" only a few days before the August deadline. Maynard did not have prior possession of this information, and it is reasonable to conclude that he did not have the requisite understanding of PayPal's anti-fraud systems that would prompt him to look for it. It is also reasonable that he would need more time to thoroughly research the legal implications of this information. More important, Maynard's ensuing actions—adding claims related to this information to the first amended complaint and his attempt to confer with PayPal after filing—"demonstrate [his] diligence despite missing the . . . deadline." *Howard*, 2018 WL 3752366, at *3. Considering Maynard's showing of diligence in tandem with the deficiencies in his other explanations for failing to timely seek leave to amend, the court holds that the first factor of the good cause standard is in equipoise. *See, e.g., Clapper v. Am. Realty Inv'rs Inc.*, 2017 WL 978098, at * 3 (N.D. Tex. Mar. 14, 2017) (Fitzwater, J.) (holding that plaintiff's previous knowledge of some important facts and ignorance of others balanced out to hold first factor of good cause standard neutral).

B

The second factor considers the importance of the proposed amendments. Maynard maintains that the amendments are important because they "ensure that all arguments related to this matter have been properly presented and duly considered by the [c]ourt." P. Br. at 6. He also posits that the proposed amendments are cosmetic, and that they "clarif[y] and correctly identif[y] the law that governs [his] claims." *Id.* (citing *Dozier v. Rowan Drilling Co.*, 397 F.Supp.2d 837, 855 (S.D. Tex. 2005)). PayPal maintains that Maynard has failed to meet his burden, that the proposed amendments are more than "cosmetic" changes, and that the newly-added claims are subject to dismissal.

The court has previously deemed other proposed amendments to be important where they "potentially provide[d] additional grounds for [a party] to recover," *Mid-Continent Casualty Co. v. Eland Energy, Inc.*, 2009 WL 3074618, at *37 (N.D. Tex. Mar. 30, 2009) (Fitzwater, C.J.), or "directly affect[ed] [a party's] prospects of ultimate recovery," *The Richards Group, Inc. v. Brock*, 2008 WL 1722250, at *2 (N.D. Tex. Apr. 14, 2008) (Fitzwater, C.J.). Because the proposed amendments add claims on which Maynard may be able to recover, they are important additions to this case. *See Clapper*, 2017 WL 978098, at * 4.

PayPal's argument that the proposed amendments are not cosmetic actually weighs in favor of their importance. In *Dozier* the court held that proposed amendments were important *even if* they were "largely cosmetic," because they conformed the plaintiffs' complaints to "applicable legal authority" by clarifying the court's jurisdictional basis and

identifying the law that governed the plaintiffs' claim. *Dozier*, 397 F.Supp.2d at 855. PayPal contends that the proposed amendments are not merely cosmetic because they "would add eleven claims as well as re-alleging applications for injunctive relief." D. Br. at 13. PayPal cites several cases purporting to show that it would be prejudiced if the court allowed these amendments.[4] The possible prejudice of allowing these amendments is considered separately below, but this line of reasoning seems to lend support to the importance of the proposed amendments.

Finally, the court need not address whether the proposed amendments are subject to dismissal. As this court has frequently noted:

> the court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Garcia v. Zale Corp.*, 2006 WL 298156, at *1-2 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1-2 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). Accordingly, the court holds that the second factor weighs in favor

---

[4]Two of these cases are illustrative. In *Pringle v. Atlas Van Lines*, 2014 WL 12825899, at *2 (N.D. Tex. May 16, 2014) (O'Connor, J.), the court rejected the plaintiff's contention that the proposed amendments were cosmetic and held that the defendant would be prejudiced if it were subjected to new claims at an advanced stage in litigation. *Id.* at *2. In *Ruiz* the court held that the prejudice factor weighed against granting leave when the plaintiff sought to "entirely replace her existing claims—which ha[d] been active for ten months—with a newly asserted claim." *Ruiz*, 291 F.R.D. at 171-72.

of granting leave to amend.

C

The court will consider together the third factor—the potential prejudice to PayPal in allowing the amendment—and the fourth factor—the availability of a continuance to cure any such prejudice. Maynard maintains that PayPal will not suffer prejudice. He contends that PayPal will be able to state its position in its response or in a renewed motion to dismiss. He also posits that he is amenable to a stay of any deadlines, that the litigation is still at an early stage, and that neither party has filed a motion for summary judgment. Finally, he argues that any potential prejudice is due to PayPal's "arbitrary opposition" to this motion, which has increased the time and cost of the litigation for both parties.

PayPal maintains that allowing the proposed amendments would be greatly prejudicial because it would be forced to prepare a third motion to dismiss and the trial would be further delayed. PayPal contends that a continuance would exacerbate, rather than alleviate, this prejudice.

The court concludes that these factors weigh in favor of granting leave to amend. The only prejudice that PayPal identifies is the necessity of drafting a renewed motion to dismiss and the delay that will result. Usually, delay supports denial of leave to amend "where a party waits until the eve of trial to assert a new claim." *OnAsset Intelligence, Inc. v. Freightweight Int'l (USA), Inc.*, 2012 WL 5409660, at *2 (N.D. Tex. Nov. 5, 2012) (Fish, J.). Here, the litigation is still at an early stage, and the trial date has not been set. A continuance is therefore available. Moreover, undue delay "must prejudice the nonmoving

party or impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). No unwarranted burdens will be imposed on the court, and, as the court explains next, PayPal has failed to demonstrate prejudice.

As for the expense that PayPal will incur in preparing a renewed motion to dismiss, this ground does not support a finding of prejudice unless the expense is unnecessary—i.e., the expense could have been avoided or reduced significantly had Maynard included the claims in a pleading that Paypal could have addressed in an earlier motion to dismiss. Paypal has not shown that the expense of moving to dismiss these claims could have been avoided or reduced significantly had Maynard included the claims in his state-court original petition or in his first amended complaint, which Paypal addressed in its April 19, 2018 or August 17, 2018 motion to dismiss. The third and fourth factors weigh in favor of granting Maynard leave to amend.

D

Finally, the court considers the four factors holistically. "It does not mechanically count the number of factors that favor each side. And it remembers at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *E.E.O.C. v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

Although the first factor of the good cause standard is in equipoise, Maynard has at least exercised some reasonable diligence in pursuing this case; the proposed amendments are important; PayPal has failed to demonstrate prejudice if the amended pleading is allowed;

and a continuance is available to cure any prejudice that PayPal may incur. The court therefore holds that Maynard has demonstrated good cause under Rule 16(b)(4) for amending the scheduling order to permit him to file his motion for leave to file a second amended complaint.

V

Having found good cause to amend the scheduling order, the court now turns to the question whether leave to amend should be granted under Rule 15(a).

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "'It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.'" *Garcia*, 2006 WL 298156, at *1 (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citation omitted). In deciding whether to grant leave to amend, the court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing cases).

Having considered the parties' positions, the court is not persuaded that it should vary in this case from Rule 15(a)(2)'s admonition that leave to amend should freely be given when justice so requires.[5] Accordingly, the court grants Maynard's motion to amend under the

---

[5]PayPal maintains, *inter alia*, that Maynard's motion should be denied because he has failed to cure previously identified deficiencies. "'[D]istrict courts often afford plaintiffs at

standard of Rule 15(a)(2).

* * *

For the reasons explained, the court grants Maynard's motion and grants him leave to file his second amended complaint. The clerk of court is directed to file the second amended complaint.

In view of the granting of Maynard's motion, PayPal's August 17, 2018 motion to dismiss first amended complaint is denied without prejudice as moot.

**SO ORDERED**.

November 2, 2018.

                                              SIDNEY A. FITZWATER
                                              SENIOR JUDGE

---

least one opportunity to cure pleading deficiencies . . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend.'" *Simmons v. Jackson*, 2016 WL 2646738, at *3 (N.D. Tex. May 10, 2016) (Fitzwater, J.) (quoting *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (citation omitted)). Although Maynard has already had an opportunity to replead after the court granted PayPal's first motion to dismiss, the court did not identify any specific deficiencies in Maynard's state-court original petition when granting the motion. And the court has not addressed PayPal's motion to dismiss Maynard's first amended complaint. Therefore, Maynard has not failed to cure deficiencies that the court has previously identified.