IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MATTHEW MAYNARD, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:18-CV-0259-D |
| VS. § | |
| § | |
| PAYPAL, INC., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendant PayPal, Inc. ("PayPal") moves under Fed. R. Civ. P. 12(b)(6) and the court's inherent powers to dismiss the third amended complaint of plaintiffs Matthew Maynard and Maynard Investment Group d/b/a Discount Sports Nutrition. For the reasons that follow, the court grants the motion in part and denies it in part.

I

Plaintiffs filed suit in state court in December 2017 against defendant PayPal and PayPal Holdings, Inc. ("PayPal Holdings"). Plaintiffs' claims stem from the use of PayPal's merchant services to accept online payments for vitamins and sport nutrition supplements. They allege that PayPal knowingly allowed a fraudulent chargeback scheme in which buyers would file false disputes with PayPal's dispute resolution system and seek a full refund of their purchase months after they received their orders. Plaintiffs maintain that they provided PayPal with documentary evidence that proved the disputes were without merit and the chargebacks violated the PayPal User Agreement.

PayPal removed the suit to this court in 2018. The detailed procedural history is outlined in *Maynard v. PayPal, Inc.* ("*Maynard I*"), 2019 WL 3552432, at *1-2 (N.D. Tex. Aug. 5, 2019) (Fitzwater, J.). Pertinent to the instant motion, the court granted PayPal's motion to dismiss plaintiffs' second amended complaint and entered judgment in favor of PayPal in February 2019.[1] Plaintiffs moved to alter or amend the judgment under Rule 59(e) in March 2019. The court granted in part the motion and reinstated their claims for breach of contract and breach of the duty of good faith and fair dealing against PayPal, subject to plaintiffs' payment of defendants' reasonable attorney's fees and costs incurred in responding to the motion. The court otherwise denied the motion to alter or amend the judgment.

The court granted defendants' motion for attorney's fees in August 2019. Plaintiffs filed their third amended complaint in September 2019, and defendants moved to dismiss the complaint on October 31, 2019. Plaintiffs moved for an extension of the time to pay the court-ordered attorney's fees. In December 2019 the court set a new payment schedule by which plaintiffs were to pay attorney's fees in full by May 15, 2020, and the court statistically terminated PayPal's motion to dismiss to prevent it from incurring additional fees in the meantime.

In May 2020 the court granted plaintiffs' additional request to extend the deadline to pay attorney's fees and entered an amended payment plan by which plaintiffs were to pay PayPal's attorney's fees in full by October 20, 2020.

---

[1] The court also dismissed all claims against defendant PayPal Holdings and entered judgment in its favor. The court has not reinstated any claims against PayPal Holdings.

- 2 -

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

On November 18, 2020 the parties submitted a joint status report stating that the court-ordered attorney's fees had been paid in full on October 20, 2020. The court then statistically reopened defendants' October 31, 2019 motion to dismiss the third amended complaint and lifted the stay. It now addresses the motion to dismiss.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] amended complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Inc.*, 855 F.Supp.2d 615, 618 (N.D. Tex.2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted)). To survive defendants' motion to dismiss under Rule 12(b)(6), plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'That the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration

omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

III

PayPal moves to dismiss all the claims against it. It contends that plaintiffs have failed to pay the court-ordered attorney's fees[2] and that they have not stated a claim for which relief can be granted under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") or for breach of the implied duty of good faith and fair dealing.

A

The court considers first plaintiffs' claims other than for breach of contract and breach of the implied duty of good faith and fair dealing.

On February 13, 2019 the court dismissed with prejudice plaintiffs' second amended complaint and entered judgment in favor of defendants. Plaintiffs moved to set aside the dismissal and judgment. The court granted the motion in part and reinstated plaintiffs' claims for breach of contract and breach of the implied duty of good faith and fair dealing. *Maynard I*, 2019 WL 3552432, at *11-12. Otherwise, the court denied the motion. The court granted plaintiffs leave to file a third amended complaint to remove the claims of which the court confirmed dismissal—*i.e.*, all of the claims except for breach of contract and breach of the implied duty of good faith and fair dealing—and to make a few specific alterations. *Id.* at *12.

---

[2]Defendants filed the instant motion on October 31, 2019, before plaintiffs paid the attorney's fees in full. This ground of PayPal's motion to dismiss is therefore moot.

Accordingly, with the exception of the two claims the court reinstated, all of plaintiffs' claims (including their DTPA claim) have been dismissed with prejudice, and plaintiffs have not been granted leave to refile those claims. The court therefore grants PayPal's motion to the extent it seeks dismissal of all of plaintiffs' claims except for the claims for breach of contract and breach of the duty of good faith and fair dealing.

B

The court next turns to PayPal's motion to dismiss plaintiffs' claim for breach of the duty of good faith and fair dealing.

1

PayPal contends that plaintiffs have failed to allege that there are any contractual gaps or developments that neither party anticipated when entering into the user agreement, as required by Delaware law. D. Mot. at 9-10 (citing *Nemec v. Shrader*, 991 A.2d 1120, 1125-26 (Del. 2010)). PayPal maintains that plaintiffs' implied duty claim is instead an improper attempt to recast their breach of contract claim.

Plaintiffs respond that the allegations of the third amended complaint regarding their implied duty claim are identical to those in the second amended complaint, and the court in *Maynard I* held that these allegations sufficiently stated a claim for relief. Plaintiffs posit that PayPal decided meritless disputes in favor of the buyer despite physical evidence of successful delivery of the purchased goods.

2

In *Maynard I* the court concluded that plaintiffs had stated a claim for breach of the

duty of good faith and fair dealing in the second amended complaint.  *Maynard I*, 2019 WL 3552432, at *11.  The court held that they had alleged sufficient facts to plausibly plead that PayPal may have "'acted arbitrarily or unreasonably' so as to 'frustrate the fruits' of the user agreement."  *Id.* (quoting *Nemec*, 991 A.2d at 1126).  Because the allegations pertinent to this claim are the same in the second and third amended complaints, the court for the same reasons holds again that plaintiffs have sufficiently stated a claim for relief for breach of the implied duty of good faith and fair dealing.

* * *

For the reasons explained, the court denies in part PayPal's October 31, 2019 motion to dismiss as to plaintiffs' claims for breach of contract and breach of the implied duty of good faith and fair dealing.  The court otherwise grants PayPal's motion and confirms that the remainder of plaintiffs' claims have been dismissed with prejudice, including the claims against PayPal Holdings.

**SO ORDERED**.

January 6, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE